IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| RODRIGO ARREOLA, as parent of Hector Arreola, Deceased, and as Personal Representative and Administrator of the Estate of Hector Arreola, CONCEPCION ARREOLA, as parent of Hector Arreola, and S.A., minor child of Hector Arreola, by next friend Jezreel Imee Custodio, | * * * * * * * * | |
| Plaintiffs, | * * | |
| v. | * * | CASE NO. 4:19-cv-00005-CDL |
| THE CONSOLIDATED GOVERNMENT OF COLUMBUS, GEORGIA, OFFICER MICHAEL AGUILAR, in his individual and official capacity, OFFICER BRIAN DUDLEY, in his individual and official capacity, OFFICER AARON EVRARD, in his individual and official capacity, and COLUMBUS POLICE DEPARTMENT CHIEF OF POLICE RICHARD T. BOREN, in his individual and official capacity, | * * * * * * * * * * * * * | |
| Defendants. | * | |

## DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT

Defendants the Consolidated Government of Columbus, Georgia, Officer Michael Aguilar, in his individual and official capacity, Officer Brian Dudley, in his individual and official capacity, Officer Aaron Evrard, in his individual and official capacity, and Columbus Police Department Chief of Police Richard T. Boren, in his individual and official capacity ("Defendants"), without waiving any defenses and expressly reserving all such defenses, file their Answer and Defenses to Plaintiffs' Complaint:

## ANSWER AND DEFENSES

Defendants hereby state the following defenses.  Defendants reserve the right to assert other affirmative and additional defenses, and to otherwise supplement this Answer.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendants did not violate any rights guaranteed to Plaintiffs or Plaintiffs' decedent under the Constitution or laws of the United States or of the State of Georgia.

## THIRD DEFENSE

Defendants cannot be liable under 42 U.S.C. § 1983 on the basis of *respondeat superior*, and Plaintiffs' alleged damages were not proximately caused by any official policy, practice, custom, or directive of the CCG, or one whose acts or edicts may fairly be said to represent official policy.

## FOURTH DEFENSE

Plaintiffs' federal-law claims against Defendants in their individual capacities are barred by qualified immunity because they were performing objectively reasonable, discretionary acts and did not violate any clearly established statutory or constitutional of which every reasonable officer would have had fair notice.

## FIFTH DEFENSE

Plaintiffs' state-law claims against Defendants in their individual capacity are barred by official immunity because their acts were carried out in the good faith performance of their official, discretionary duties and without actual malice or actual intent to cause injury to Plaintiffs.

## SIXTH DEFENSE

Defendants assert the defense of sovereign immunity to the fullest extent allowed by law.

## SEVENTH DEFENSE

Plaintiffs' claims are barred or limited by the provisions of O.C.G.A. §§ 36-92-2 and 40-6-6.

## EIGHTH DEFENSE

Plaintiffs' alleged injuries and damages were caused by the independent acts and decisions of persons other than Defendants or those over whom Defendants had some legal right of control.

## NINTH DEFENSE

Plaintiffs' alleged injuries and damages were caused by their own deliberate, criminal conduct, and such criminal conduct supersedes any and all negligence or liability, if any, on the part of Defendants.

## TENTH DEFENSE

Plaintiffs' alleged injuries and damages were directly and proximately caused by their own contributory and comparative negligence and failure to exercise ordinary care.

## ELEVENTH DEFENSE

If any of the Defendants were negligent in any manner, then Plaintiffs' negligence equaled or exceeded Defendants' negligence, barring recovery.

## TWELFTH DEFENSE

Plaintiffs' claims for punitive damages fail as a matter of law.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations.

## FOURTEENTH DEFENSE

Defendants raise each and every affirmative defense required to be pled by state and federal law should said defenses become applicable as this action proceeds.   Defendants specifically raise the defenses contained in Rule 8(c) of the Federal Rules of Civil Procedure.

*        *        *        *        *

Subject to the defenses set forth above, and without waiving any of them, Defendants respond to the individually numbered paragraphs of the Complaint as follows:

### INTRODUCTION

#### 1.-3.

Denied.

#### 4.

The allegations set forth in the first sentence of paragraph 4 are admitted to the extent that the body camera recording speaks for itself.   Defendants deny the allegations contained in the second sentence of paragraph 4.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last two sentences of paragraph 4.

#### 5.

In response to the allegations set forth in paragraph 5, Defendants admit that plaintiff is asserting pendent state law claims and violation of the Georgia Constitution. Defendants deny that Plaintiffs' rights have been violated, that they have a viable cause of action, and that they are entitled to the relief sought in the Complaint or any relief whatsoever based on the allegations contained therein. Except as expressly responded to or qualified herein, the allegations of paragraph 5 are denied.

## JURISDICTION AND VENUE

6.

Defendants admit that jurisdiction is proper in this court. Except as expressly responded to or qualified herein, the allegations contained in paragraph 6 are denied.

7.

Defendants admit that venue is proper in this court. Except as expressly responded to or qualified herein, the allegations contained in paragraph 7 are denied.

8.

In response to the allegations contained in paragraph 8, Defendants state that they do not contest jurisdiction at this time except to the extent that their immunity defenses may be deemed jurisdictional. Except as expressly responded to or qualified herein, the allegations set forth in paragraph 8 are denied.

9.

Admitted.

## PARTIES

10.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in first and second sentences of paragraph 10. Defendants deny the allegations contained in the third sentence of paragraph 10.

11.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13.-15.

Admitted.

16.

In response to the allegations set forth in paragraph 16, Defendants admit that Chief Boren is the Chief of Police for Consolidated Government of Columbus, Georgia. Except as expressly responded to or qualified herein, the allegations set forth in paragraph 16 are denied in the form alleged.

17.

With regard to the allegations set forth in the first sentence of paragraph 17, Defendants admit that Defendant CCG is a consolidated government formed by consolidation of the City of Columbus and the Muscogee County governmental bodies and that Defendant CCG is located in this District and Division.  Defendants deny the allegations contained in the second and third sentences of paragraph 17.  Defendants admit the allegations contained in the last sentence of paragraph 17.

18.

In response to the allegations contained in paragraph 18, Defendants admit that Defendants Aguilar, Dudley, and Evrard were employed by and were acting in their official capacities as police officers with the Columbus Police Department on January 9, 2017, that Defendant Boren was and is the Chief of Police for CCG and that he exercises authority subject

to the laws of the State of Georgia and CCG.  Except as expressly responded to or qualified herein, the allegations set forth in the paragraph 18 are denied.

## FACTUAL ALLEGATIONS

### 19.

Defendants' responses to paragraphs 1 through 18 are incorporated herein by reference.

### 20.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

### 21.

Admitted.

### 22.

Admitted.

### 23.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

### 24.

Admitted.

### 25.

Defendants admit that each officer had a body cam attached to his body. Except as expressly qualified herein, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28.

The allegations set forth in paragraph 28 are admitted to the extent that the body camera recording speaks for itself.  Except as expressly responded to or qualified herein, the allegations set forth in paragraph 28 are denied as pled.

29.

Answering the allegations contained in paragraph 29, Defendants admit that Arreola acted strangely. Except as expressly responded to or qualified herein, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29.

30.

The allegations set forth in paragraph 30 are admitted to the extent that the body camera recording speaks for itself.  Except as expressly responded to or qualified herein, the allegations set forth in paragraph 30 are denied as pled.

31.

In response to the allegations contained in paragraph 31, Defendants admit that Arreola denied mental illness and alcohol abuse but was incoherent and acting irrationally.  Except as

expressly responded to or qualified herein, the allegations set forth in paragraph 31 are denied as pled.

32.

Admitted.

33.

Answering the allegations contained in paragraph 33, Defendants admit that Arreola questioned the identification of Officers Dudley and Aguilar. Except as expressly responded to or qualified herein, the allegations set forth in paragraph 33 are denied as pled.

34.

Defendants admit the allegations contained in the first sentence of paragraph 34.   In response to the allegations contained in second sentence of paragraph 34, Defendants admit that Arreola was given legal commands to get out of the neighboring yard.   Except as expressly responded to or qualified herein, the allegations set forth in the second sentence of paragraph 34 are denied as pled.

35.

The allegations set forth in paragraph 35 are admitted to the extent that the body camera recording speaks for itself.  Except as expressly responded to or qualified herein, the allegations set forth in paragraph 35 are denied as pled.

36.

The allegations set forth in paragraph 36 are admitted to the extent that the body camera recording speaks for itself.  Except as expressly responded to or qualified herein, the allegations set forth in paragraph 36 are denied as pled.

37.

Admitted.

38.

The allegations set forth in paragraph 38 are admitted to the extent that the body camera recording speaks for itself.  Except as expressly responded to or qualified herein, the allegations set forth in paragraph 38 are denied as pled.

39.

Admitted.

40.

The allegations set forth in paragraph 40 are admitted to the extent that the body camera recording speaks for itself.  Except as expressly responded to or qualified herein, the allegations set forth in paragraph 40 are denied as pled.

41.

Admitted.

42.

The allegations set forth in paragraph 42 are admitted to the extent that the body camera recording speaks for itself.  Except as expressly responded to or qualified herein, the allegations set forth in paragraph 42 are denied as pled.

43.

The allegations set forth in paragraph 43 are admitted to the extent that the body camera recording speaks for itself.  Except as expressly responded to or qualified herein, the allegations set forth in paragraph 43 are denied as pled.

44.

Admitted.

45.

The allegations set forth in paragraph 45 are admitted to the extent that the body camera recording speaks for itself.  Except as expressly responded to or qualified herein, the allegations set forth in paragraph 45 are denied as pled.

46.

The allegations set forth in paragraph 46 are admitted to the extent that the body camera recording speaks for itself.  Except as expressly responded to or qualified herein, the allegations set forth in paragraph 46 are denied as pled.

47.

Denied as pled.

48.

The allegations set forth in paragraph 48 are admitted to the extent that the body camera recording speaks for itself.  Except as expressly responded to or qualified herein, the allegations set forth in paragraph 48 are denied as pled.

49.

The allegations set forth in paragraph 49 are admitted to the extent that the audio recorded statement speaks for itself.  Except as expressly responded to or qualified herein, the allegations set forth in paragraph 49 are denied as pled

50.

Denied as pled.

51.

In response to the allegations contained in paragraph 51, Defendants state that the body camera footage speaks for itself and therefore requires no response from Defendants.  To the extent a response may be required, the allegations set forth in paragraph 51 are denied as pled.

52.

In response to the allegations contained in paragraph 52, Defendants state that the body camera footage speaks for itself and therefore requires no response from Defendants.  To the extent a response may be required, the allegations set forth in paragraph 52 are denied.

53.

Denied as pled.

54.

In response to the allegations contained in paragraph 54, Defendants state that the body camera footage speaks for itself and therefore requires no response from Defendants.  To the extent a response may be required, the allegations set forth in paragraph 54 are denied as pled.

55.

In response to the allegations contained in paragraph 55, Defendants state that the body camera footage speaks for itself and therefore requires no response from Defendants.  To the extent a response may be required, the allegations set forth in paragraph 55 are denied as pled.

56.

In response to the allegations contained in paragraph 56, Defendants state that the body camera footage speaks for itself and therefore requires no response from Defendants.  To the extent a response may be required, the allegations set forth in paragraph 56 are denied as pled.

57.

Denied as pled.

58.

In response to the allegations contained in paragraph 58, Defendants state that the body camera footage speaks for itself and therefore requires no response from Defendants.  To the extent a response may be required, the allegations set forth in paragraph 58 are denied as pled.

59.

In response to the allegations contained in paragraph 59, Defendants state that the body camera footage speaks for itself and therefore requires no response from Defendants.  To the extent a response may be required, the allegations set forth in paragraph 59 are denied as pled.

60.

In response to the allegations contained in paragraph 60, Defendants state that the body camera footage speaks for itself and therefore requires no response from Defendants.  To the extent a response may be required, the allegations set forth in paragraph 60 are denied as pled.

61.

Denied as pled.

62.

In response to the allegations contained in paragraph 62, Defendants state that the body camera footage speaks for itself and therefore requires no response from Defendants.  To the extent a response may be required, the allegations set forth in paragraph 62 are denied as pled.

63.

In response to the allegations contained in paragraph 63, Defendants state that the body camera footage speaks for itself and therefore requires no response from Defendants.  To the extent a response may be required, the allegations set forth in paragraph 63 are denied as pled.

64.

In response to the allegations contained in paragraph 64, Defendants state that the body camera footage speaks for itself and therefore requires no response from Defendants.  To the extent a response may be required, the allegations set forth in paragraph 64 are denied as pled.

65.-70.

Denied.

71.

In response to the allegations contained in paragraph 71, Defendants state that the body camera footage speaks for itself and therefore requires no response from Defendants.  To the extent a response may be required, the allegations set forth in paragraph 71 are denied as pled.

72.-74.

Denied.

75.

Denied as pled.

76.

Defendants deny the allegations set forth in paragraphs 76 as pled as they are an incomplete description of police training.  Further responding, Defendants state that they receive relevant training through POST and annual in-service training on use of force and deadly force, and defensive tactics.

77.

Defendants deny the allegations set forth in paragraphs 77 as pled as they are an incomplete description of police training.  Further responding, Defendants state that they receive relevant training through POST and annual in-service training on use of force and deadly force, and defensive tactics.

78.

Defendants deny the allegations set forth in paragraphs 78 as pled as they are an incomplete description of police training.  Further responding, Defendants state that they receive relevant training through POST and annual in-service training on use of force and deadly force, and defensive tactics.

79.

Defendants deny the allegations set forth in paragraphs 79 as pled as they are an incomplete description of police training.  Further responding, Defendants state that they receive relevant training through POST and annual in-service training on use of force and deadly force, and defensive tactics.

80.

Defendants deny the allegations set forth in paragraphs 80 as pled as they are an incomplete description of police training.  Further responding, Defendants state that they receive relevant training through POST and annual in-service training on use of force and deadly force, and defensive tactics.

81.

Denied.

82.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82.

83.-88.

Denied.

## THEORIES OF RECOVERY

### COUNT ONE – FOURTH AMENDMENT CLAIM
### Officers Aquilar, Evrard and Dudley
### (Excessive Force)

89.

Defendants' responses to paragraphs 1 through 88 are incorporated herein by reference.

90.

In response to the allegations contained in paragraph 90, Defendants admit that Defendants Aguilar, Dudley, and Evrard were employed by and were acting in their official capacities as police officers with the Columbus Police Department on January 9, 2017. Defendants specifically deny any allegations of misconduct. Except as expressly responded to or qualified herein, the allegations set forth in the paragraph 90 are denied.

91.

The allegations contained in paragraph 91 are statements of law which require no response of the Defendants. To the extent a response is required, Defendants deny the allegations of paragraph 91 are pled.

92.-96.

Denied.

**COUNT TWO –FOURTEENTH AMENDMENT CLAIM**
**Officers Aguilar, Evrard and Dudley**
**(Deliberate Indifference to Serious Medical Need)**

97.

Defendants' responses to paragraphs 1 through 96 are incorporated herein by reference.

98.

In response to the allegations contained in paragraph 98, Defendants admit that Defendants Aguilar, Dudley, and Evrard were employed by and were acting in their official capacities as police officers with the Columbus Police Department on January 9, 2017. Defendants specifically deny any allegations of misconduct.  Except as expressly responded to or qualified herein, the allegations set forth in the paragraph 98 are denied.

99.-102.

Denied.

**COUNT THREE – SUPERVISORY LIABILITY CLAIM AGAINST**
**CHIEF BOREN AND THE CITY**
**(42 U.S.C. § 1983 – Monell Liability – Use of Force)**

103.

Defendants' responses to paragraphs 1 through 102 are incorporated herein by reference.

104.-108.

Denied.

109.

Denied as pled.

110.

In response to the allegations set forth in paragraph 110, Defendants admit that Columbus Police Department General Order 3-1 consists of the Columbus Police Department's Use of

Force policy effective October 2016.  Except as expressly responded to or qualified herein, the allegations set forth in paragraph 110 are denied.

111.

In response to the allegations set forth in paragraph 111, Defendants admit that Columbus Police Department General Order 3-2 consists of the Columbus Police Department's Deadly Force policy effective May 2007.  The Deadly Force policy, as a written document, speaks for itself.  Except as expressly responded to or qualified herein, the allegations set forth in paragraph 108 are denied.

112.

Denied as pled.

113.

Denied as pled.  Further responding, Defendants state that the allegations contained in paragraph 113 are an inaccurate and incomplete summary of the policies of the Columbus Police Department.

114.-115.

Denied.

## COUNT FOUR – STATE CONSTITUTIONAL CLAIM

116.

Defendants' responses to paragraphs 1 through 115 are incorporated herein by reference.

117.-119.

Denied.

## COUNT FIVE – STATE LAW BATTERY CLAIM

120.

Defendants' responses to paragraphs 1 through 119 are incorporated herein by reference.

120[1].-122.

Denied.

## **DAMAGES**

123.

Defendants' responses to paragraphs 1 through 122 are incorporated herein by reference.

124.-127.

Denied.

## **GENERAL DENIAL**

To the extent that any allegation of the Complaint within this Answer and Defenses is not specifically admitted, it is hereby denied. Defendants further deny the final unnumbered paragraph of Plaintiffs' Complaint beginning with the word "WHEREFORE" and show that Plaintiffs are not entitled to any recovery by way of this action.

WHEREFORE, having fully answered all allegations contained in Plaintiffs' Complaint, Defendants pray for the following relief:

(a) That judgment be entered in favor of Defendants and against Plaintiffs on the complaint;

(b) That the costs of these actions, including attorney fees, be cast against Plaintiffs; and

(c) That the Court grants such other and further relief as it may deem just and proper.

Respectfully submitted this 11th day of March, 2019.

---

[1] Plaintiffs' Complaint contains two paragraphs numbered 120.

PAGE, SCRANTOM, SPROUSE,
TUCKER & FORD, P.C.

By: */s/ James C. Clark, Jr.*
　　　James C. Clark, Jr.
　　　Ga. Bar No.: 127145
　　　Thomas F. Gristina
　　　Ga. Bar No.: 452454
　　　Tyler C. Cashbaugh
　　　Ga. Bar No.: 869622

1111 Bay Avenue, Third Floor
Columbus, Georgia 31901
(706) 324-0251

By: */s/ Clifton C. Fay (w/ express*
　　　*permission)*
　　　Clifton C. Fay
　　　Ga. Bar No. 256460
　　　Lucy Sheftall
　　　Ga. Bar No. 639813

P.O. Box 1340
Columbus, Georgia 31902
(706) 653-4025

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I do hereby certify that on this date I filed the foregoing document using the CM/ECF system, which will automatically send notification of such filing to:

> Mark C. Post
> Mark Post Law, LLC
> 3 Bradley Park Ct., Ste. F
> Columbus, Georgia 31904
> mpost@markpostlaw.com
>
> *Counsel for Plaintiffs*

This 11th day of March, 2019.

> /s/ James C. Clark, Jr.
> Counsel for Defendants