discovery 15

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

RODRIGO ARREOLA, as parent of Hector \*
Arreola, Deceased, and as Personal \*
Representative and Administrator of the \*
Estate of Hector Arreola, CONCEPCION \*
ARREOLA, as parent of Hector Arreola, \* and
S.A., minor child of Hector Arreola, \* by next
friend Jezreel Imee Custodio, \*
                                                            \*

    Plaintiffs,       \*
                                          \*
v.                                \* CASE NO. 4:19-CV-00005-CDL
                                          \*
THE CONSOLIDATED GOVERNMENT \* OF
COLUMBUS, GEORGIA,     \*
OFFICER MICHAEL AGUILAR, in his     \*
individual and official capacity, OFFICER \*
BRIAN DUDLEY, in his individual and \*
official capacity, OFFICER AARON \*
EVRARD, in his individual and official \*
capacity, and COLUMBUS POLICE \*
DEPARTMENT CHIEF OF POLICE \*
RICHARD T. BOREN, in his individual and \*
official capacity,     \*
                                          \*
    Defendants.



DEFENDANT'S EXHIBIT 2

## PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES

    Reserving the right to correct, amend, and supplement these answers as additional information and documents become available, Plaintiffs respond to Defendants' First Set of Interrogatories numbered 1-21 as follows:

### Answers and Objections to Interrogatories

    1.    Please state your full name, date of birth, and social security number.

**Rodrigo Arreola-** DOB: \*\*/\*\*/1962; please contact undersigned counsel for SSN

**Concepcion Arreola-** DOB: \*\*/\*\*/1960; please contact undersigned counsel for SSN

**Jezreel Imee Custodio-** DOB: \*\*/\*\*/1989; please contact undersigned counsel for SSN

2. Identify each and all persons with knowledge of facts which Plaintiffs contend support the allegations and claims set forth in the Complaint.

**Plaintiffs object to this question on the basis that it is overly broad in scope and disproportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiffs also object to this question to the extent that it seeks to elicit information that is protected from disclosure by the attorney-client privilege and/or the work product doctrine.**

**Subject to said objections, Plaintiffs respond as follows:**

**Each person named in the parties'** *Initial Disclosures*; **each person listed as an anticipated deponent in the** *Joint Proposed Scheduling and Expedited Discovery Order* **(Doc 7); and all persons referenced in the documents, records, and recordings provided or referenced in** *Response to Defendants' First Set of Requests for Production of Documents to Plaintiffs* **which are served contemporaneously with the answers provided herein.**

**A list which is further responsive to this question is provided in response to question number 3 below.**

3. As to each person identified in response to Interrogatory Number 2, state the knowledge it, he or she has that you contend is relevant to the allegations or claims made in the Complaint.

**Plaintiffs object to this question to the extent that it seeks to elicit information that is protected from disclosure by the attorney-client privilege and/or the work product doctrine. Subject to said objections, Plaintiffs respond as follows:**

- **Concepcion Arreola: Witnessed police interaction and struggle with her son on January 9, 2017, which resulted in his death.**

- Rodrigo Arreola: Father of decedent. Present with son at the hospital and familiar with son's life.
- Alan Tarvin: Witnessed portion of police interaction and struggle with decedent on January 9, 2017, which resulted in his death.
- Raymond Tarvin: Witnessed portion of police interaction and struggle with decedent on January 9, 2017, which resulted in his death.
- CPD Officer Ronnie Oakes: Witnessed and took part in portion of police interaction and struggle with decedent on January 9, 2017, which resulted in his death.
- CPD Sgt. Randolph Kiel: Sgt. supervising police officers that struggled with and caused the death of Hector Arreola.
- Lara Darrisaw, MD: medical examiner with GBI that performed autopsy upon Hector Arreola.
- GBI SA Deanna Jury: investigated the death of Hector Arreola.
- Columbus Fire & EMS Paramedic James Brad Barnes: treated and transported Hector Arreola after the struggle with police on January 9, 2017.
- Columbus Fire & EMS Firefighter Aaron Bush: treated and transported Hector Arreola after the struggle with police on January 9, 2017.
- Medical doctors that treated or diagnosed Hector Arreola on Jan 9-10, 2017, include but not limited to:
    - Vincent M. Nicolais, M.D., Piedmont Columbus Regional, 710 Center Street, Box 81, Columbus, GA 31902.
    - Gehrig L. Harris, M.D., Piedmont Columbus Regional, 710 Center Street, Box 81, Columbus, GA 31902.
    - Chibuzor N. Nnaji, M.D., 3776 Weldon Woods Drive, Marietta, GA 30066.
    - Richard G. Spurlock, Jr., M.D., 29 West Cove Drive, Newnan, GA 30263.
    - Ashley E. Varner, M.D., Piedmont Columbus Regional, 710 Center Street, Box 81, Columbus, GA 31902.
    - George M. Benashvili, 3600 N. 32nd Avenue, Hollywood, FL 33021.
    - William T. Lewis, D.O., 71 W. 156th Street, #110, Harvey, IL 60426.
    - Russell W. Norwood, M.D., 71 W. 156th Street, #110, Harvey, IL 60426.
    - Ukamaka C. Atueyi, M.D., S. 3407 Calumet, Chicago, IL 60616.
    - Byron W. Johnson, M.D., 71 W. 156th Street, Harvey, IL 60426.
    - Vaibhav V. Patel, M.D., St. Francis Hospital (LifePoint), 2300 Manchester Expressway, Butler Pavilion, Ste. 1001, Columbus, Georgia, 31904.
    - Jana Summerall-Smith, M.D, Piedmont Columbus Regional,

> 710 Center Street, Box 81, Columbus, GA 31902.
> ➢ For each of these doctors, see the Midtown Medical Center medical record for the treatment of injuries suffered on January 9, 2017, Medical Record number M00662216 pp. 1-516 which was provided to Defendants via Dropbox with *Plaintiffs' Initial Disclosures.*

- All persons listed in the Defendants' Initial Disclosures including the named Defendants and 911 dispatchers.

4. Identify each and every person with whom you have discussed the claims which are the subject of the Complaint or from whom you have sought or obtained documents or information concerning the claims which are the subject of the Complaint.

Plaintiff objects to the extent that this question is redundant and unnecessary with respect to the records Defendants provided to Plaintiff, and to the extent it calls for revelation of any attorney-client privileged information or attorney work product.

Plaintiff further objects to this question on the basis that it is overly broad in scope and dis-proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to these objections and future supplementation, Plaintiff responds as follows:

In addition, see answer to question number 20 below, and see the documents, records, and recordings produced or referenced in *Response to Defendants' First Set of Requests for Production of Documents to Plaintiffs* which are served contemporaneously with the answers provided herein.

a. Robbie Watson, WLTZ, Columbus, GA.

b. GBI SA Deanna Jury and other GBI agents- Rodrigo Arreola and Concepcion Arreola.

    c. Parker LNU: reporter for WTVM.

    d. Family members: Patricia Ragan, Jeff Ragan, plaintiffs.

    e. Doctors regarding medical treatment of Hector Arreola such as Vincent M. Nicolais, M.D., Piedmont Columbus Regional, 710 Center Street, Box 81, Columbus, GA 31902. See the Midtown Medical Center medical record for the treatment of injuries suffered on January 9, 2017, Medical Record number M00662216 pp. 1-516 which was provided to Defendants via Dropbox with *Plaintiffs' Initial Disclosures*.

5. Please state each of the Decedent's addresses for the five (5) years preceding the incident which forms the basis of this lawsuit, indicating the dates when he resided at each address.

    a. 760 Moss Drive, Columbus, GA, 31904-approximately from September 2016- date of death.

    b. 54th Street Apartments, Columbus, GA 31904- approximately April 2015- August 2016.

    c. 5408 15th Avenue, Columbus, GA 31904- approximately January 2014- March 29, 2014.

    d. Hotel- approximately September 2013-through December 2013.

    e. Friend, Juanita Klere- approximately June 2013- August 2013.

    f. 438 Walden Chase Lane, Columbus, GA 31909- approximately April 2012- June 9, 2013.

    g. 189 Timber Loop, Midland, GA 31820- license address for entire five years prior to death.

6. Identify any and all oral or written statements (taken by you or on your behalf) from any person purporting to have knowledge of the incidents or injuries alleged in the Complaint by stating the name of the person giving the statement, the date of the statement, and the type of

statement (i.e., oral, written, recorded, etc.).

Plaintiff objects to this question on the basis that it is overly broad in scope and disproportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff also objects to this question to the extent that it seeks to elicit information that is protected from disclosure by the attorney-client privilege and/or the work product doctrine.

Subject to this objection, Plaintiff responds as follows:   There are no other known statements other than privileged statements made to counsel.

In addition, see the documents, records, and recordings provided or referenced in *Response to Defendants' First Set of Requests for Production of Documents to Plaintiffs* which are served contemporaneously with the answers provided herein.

7.  State in complete detail each and every injury that you contend the Decedent sustained as a result of the incident alleged in the Complaint.

**Death. Suffered from pain during and after the struggle with police officers and from the mental anguish and emotional distress inflicted and suffered before death as a result of the incident described in the Complaint.**

**See *Plaintiffs' Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)* and the records referenced or provided in *Response to Defendants' First Set of Requests for Production of Documents to Plaintiffs* particularly the records referenced/provided in response to request number 6. Also see the answer to question number 14 below.**

8.  State in complete detail each and every manner in which you contend the Decedent's state and/or federal constitutional rights were denied and/or infringed upon as a result

of the incident alleged in the Complaint.

**Plaintiffs object to this question in that the answer to this question was set forth in the Complaint, and is therefore unnecessary and redundant.**

**Plaintiffs also object to this question on the basis that it is overly broad in scope and disproportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.**

**Plaintiffs also object to this question to the extent that it seeks to elicit information that is protected from disclosure by the attorney-client privilege and/or the work product doctrine.**

9.   If the Decedent was afflicted with any physical or mental disorder, infirmity, illness or abnormality at the time of or immediately before the incident alleged in the Complaint, please give a full description of each. Please list the name and address of each physician the Decedent consulted concerning his health during the five (5) years preceding the incident that forms the basis of this lawsuit and specify the purpose for which each physician was consulted.

**J. Eric Ragan, M.D., St. Francis Hospital (LifePoint), 2122 Manchester Expressway, Columbus, Georgia, 31904. The medical records for Hector Arreola for December 27, 2016, Medical Record number 10142263 pp. 1-44 were previously provided to Defendants via Dropbox with *Plaintiffs' Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1).*)**

10.   Please list the name and address of each professional person, other than a physician, the Decedent consulted concerning his health during the past five (5) years and specify the profession of each person consulted and the purpose for each consultation.

**Nurses and other professionals at St. Francis Hospital (LifePoint), 2122/2300 Manchester Expressway, Columbus, Georgia, 31904. See medical records for Hector Arreola**

for December 27, 2016, Medical Record number 10142263 pp. 1-44 were previously provided to Defendants via Dropbox with *Plaintiffs' Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1))*.

11. Please list the name and address of each hospital in which the decedent was a patient during the past ten (10) years and specify the date and reason for each hospitalization.

   a. **Piedmont Columbus Regional, 710 Center Street, Box 81, Columbus, GA 31902.**

   b. See records referenced or provided in *Response to Defendants' First Set of Requests for Production of Documents to Plaintiffs* and records provide with *Plaintiffs' Initial Disclosures*. Also see the answer to question number 9 above.

12. How many hours per day did you regularly spend with the Decedent during the last year of his life?

   **Concepcion: approximately 4-24 hours per day including the time Hector slept.**

   **Rodrigo: occasional meals and regular telephone calls.**

13. Identify any expert witnesses you intend to call during the course of this case, including a brief explanation of the subject matter of the expert's testimony.

   **Other than the disclosure of the possible non-retained experts listed in response to questions number 3, 9 and 10 above, Plaintiffs object to this question on the grounds that the deadline for Plaintiffs' expert disclosure is June 9, 2019.** *Consolidated Scheduling and Expedited Discovery Order* (Doc 7).

14. Please list all expenses and special damages which you contend resulted from the incident alleged in the Complaint, including but not limited to, property damage, medical and hospital expenses, and loss of earnings.

   a) Special Damages (compensatory damages):
      1) **$38,796.63 for medical bill at MidTown Medical Center.**
      2) **$5,434.00 for Southern Emergency Group.**
      3) **$2,515.00 to Georgia Radiology Imaging Consultants.**

    4) $1,267.00 to Southern Physician Med Svcs, LLC- provider Gehrig Harris, Jr., MD.
    5) $669.00 ER Physician charge by Southern Emergency Group, LLC
    6) $300.00 for medical bill from MidTown Medical Center.
    7) Funeral/burial costs: $11,264.70.
b)  Other Compensatory: All other economic and non-economic damages in an amount to be proven at trial and to be determined by the enlightened conscience of fair and impartial jurors.
c)  Wrongful death including full value of life: to be proven at trial and to be determined by the enlightened conscience of fair and impartial jurors.
d)  Pain and Suffering: to be proven at trial and to be determined by the enlightened conscience of fair and impartial jurors.
e)  To be supplemented as information becomes available.

15. Had the Decedent ever made a claim against any person, employer or insurance company or started a lawsuit? If so, please answer the following with regard to each suit or claim: (a) the identity of the defendant or person claimed against; (b) the identity of any attorney involved in each claim or lawsuit; (c) the identity of each lawsuit or claim giving the cause number, date, and county where filed or claim number and insurance company involved; (d) state the nature of each claim or lawsuit; and (e) state the result of each claim or lawsuit.

**None.**

16. Please list the name and address of each person who had contact with the Decedent during the 48 hours preceding this incident. Please state the name and quantity of each drug or medication taken or used by the Decedent during the past three (3) years of his life and specify the frequency and purpose of the usage of each drug or medication identified.

  **a. Concepcion Arreola, Columbus, GA: she may be contacted through undersigned counsel.**

  **b. Patricia A. Ragan, Columbus, GA: she may be contacted through undersigned counsel.**

  **c. Jason Evans: address unknown.**

  **d. Columbus 911 dispatch.**

> Drug & medication: Antibiotic for infection, date unknown; any other medication or drugs are those indicated in medical records previously provided with Initial Disclosures. Otherwise unknown.

17. Please give complete details regarding your knowledge of any illegal drug use by the Decedent at any time.

> No personal knowledge.

18. Had the Decedent ever been arrested for any reason? If so, state the following: (a) the date and place of each arrest; (b) the charges made against him at the time of each arrest; and (c) the disposition of the charges.
   a. DUI and improper lane change- Nov. 14, 2009, in Columbus, GA. Guilty.
   b. DWLS & violation of duty upon striking fixed object- January 7, 2010, in Columbus, GA. DWLS dismissed and pled guilty to violation of duty upon striking fixed object.
   c. Poss. of marijuana (misdemeanor)- Feb. 22, 2012, in Columbus, GA. *Nolo contendere* plea.
   d. DWLS and open container- Feb. 25, 2012, in Columbus, GA. DWLS dismissed and guilty to open container.
   e. Poss. of marijuana (misd.)- January 19, 2013, in Columbus, GA. *Nolo contendere* plea.
   f. DUI and open container- April 20, 2013, in Russell County, AL. Disposition unknown.
   g. Poss. marijuana (misd.) and seat belt violation- Sept. 9, 2015 in Columbus, GA. *Nolo contendere* pleas.
   h. Battery- June 27, 2016, in Columbus, GA. Placed on deferred probation.

19. Had the Decedent ever plead guilty or nolo contendere to or had he ever been

convicted of any crime, including traffic offenses? If so, please state the crime involved, the date of the plea or conviction, and the court in which the matter was heard.

**See number 18 above.**

20. Please identify each and every conversation you or anyone acting on your behalf has had with any employee of any law enforcement organization concerning this lawsuit and/or the incident alleged in the Complaint.

**Plaintiff objects to the extent that this question is redundant and to the extent that it calls for revelation of any privileged information or information regarding any negotiations that may take place with members of law enforcement present, with the knowledge of Defendants' counsel.**

**Plaintiff objects to this question on the basis that it is overly broad in scope and disproportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff also objects to this request to the extent that it seeks to elicit information that is protected from disclosure by the attorney-client privilege and/or the work product doctrine.**

**Subject thereto, Plaintiff responds as follows:**

**Conversations responsive to this question have been provided to undersigned counsel by counsel for the Defendants in response to open records requests to the Consolidated Government of Columbus, Georgia. (See the conversations contained in the records, documents, and materials identified or contained in Response to Defendants' First Set of Requests for Production of Documents to Plaintiffs.) Concepcion Arreola and Rodrigo Arreola were interviewed by GBI SA Deanna Jury at the hospital and at the GBI's office in Columbus.**

**Some additional unknown GBI agents were present during one or more of these interviews.**

21.     Please identify whether there existed any life insurance payable on the death of the Decedent, providing the amounts and beneficiaries of each such policy.

**None.**

Respectfully submitted, this 3rd day of June, 2019.

                                        MARK POST LAW, LLC

                                        By:     /s/ Mark C. Post
                                        Mark C. Post
                                        Ga. State Bar No.: 585575
                                        mpost@markpostlaw.com
                                        3 Bradley Park Ct., Ste. F
                                        Columbus, Georgia 31904
                                        (706) 221-9371
                                        *Counsel for Plaintiffs*

## VERIFICATION

Personally appeared before the undersigned officer, duly authorized to administer oaths, Rodrigo Arreola, who, after first being duly sworn, deposes and states that the information supplied in the foregoing PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES is true and correct to the best of his knowledge and belief. The word usage and sentence structure may be that of the attorney assisting in the preparation of the responses and does not necessarily purport to be the precise language of the executing party.

_____
Rodrigo Arreola, Affiant

Sworn to and subscribed before me,

This 30th day of May, 2019.

_____
Notary Public
My Commission Expires: _____

[Notary Seal: Chelsey Tubbs, Notary Public, Muscogee County, GA, Commission Expires June 6, 2020]

VERIFICATION

Personally appeared before the undersigned officer, duly authorized to administer oaths, Concepcion Arreola, who, after first being duly sworn, deposes and states that the information supplied in the foregoing PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES is true and correct to the best of her knowledge and belief. The word usage and sentence structure may be that of the attorneys assisting in the preparation of the responses and does not necessarily purport to be the precise language of the executing party.

_____
Concepcion Arreola, Affiant

Sworn to and subscribed before me,

this 3rd day of June, 2019.

_____
Notary Public

My Commission Expires: June 6, 2020

## CERTIFICATE OF SERVICE

I hereby certify that I am counsel for Plaintiffs and that on this date I served the foregoing document, <u>Plaintiffs' Response to Defendants' First Set of Interrogatories</u>, pursuant to Fed. R. Civ. P. 33, by email to the following:

>James C. Clark, Jr.
>jcc@psstf.com
>Thomas F. Gristina
>tfg@psstf.com
>Tyler C. Cashbaugh
>tcc@psstf.com
>Page, Scrantom, Sprouse, Tucker & Ford, P.C.
>1111 Bay Avenue, Third Floor
>Columbus, Georgia 31901
>(706) 324-0251
>
>Clifton C. Fay
>cfay@columbusga.org

This 3rd day of June, 2019.

>/s/ Mark C. Post
>Mark C. Post
>Ga. State Bar No.: 585575
>mpost@markpostlaw.com
>3 Bradley Park Ct., Ste. F
>Columbus, Georgia 31904
>(706) 221-9371
>*Counsel for Plaintiffs*