IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| RODRIGO ARREOLA, as parent of Hector Arreola, Deceased, and as Personal Representative and Administrator of the Estate of Hector Arreola, CONCEPCION ARREOLA, as parent of Hector Arreola, and S.A., minor child of Hector Arreola, by next friend Jezreel Imee Custodio,<br><br>Plaintiffs,<br><br>v.<br><br>THE CONSOLIDATED GOVERNMENT OF COLUMBUS, GEORGIA, OFFICER MICHAEL AGUILAR, in his individual and official capacity, OFFICER BRIAN DUDLEY, in his individual and official capacity, OFFICER AARON EVRARD, in his individual and official capacity, and COLUMBUS POLICE DEPARTMENT CHIEF OF POLICE RICHARD T. BOREN, in his individual and official capacity,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*   CASE NO. 4:19-cv-00005-CDL<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

**DEFENDANT BRIAN DUDLEY'S RESPONSES TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Defendant Brian Dudley ("Dudley") hereby responds to Plaintiffs' First Set of Interrogatories as follows:

**INTERROGATORIES**

1. Please state your full name, date of birth, place of birth (city, county, state, and country) and social security number.

   **RESPONSE: Brian Jeremy Dudley; DOB:** ███████████ ; ████, **Germany.**

2. Please state your current residence address, current mailing address, and if

1

married, please state your spouse's name and date of your marriage.

**RESPONSE: I reside in Muscogee County, Georgia.**

3. Please state and describe in as much detail as you are able, the series of events leading up to and following the struggle with Hector Arreola on January 9, 2017.

**RESPONSE: Dudley refers Plaintiffs to the documents that have already been produced to Plaintiffs, including, but not limited to, his recorded interview with Columbus Police Department Office of Professional Standards (CCG000224 – CCG000249), and the Columbus Police Department OPS investigative file.**

4. Please identify any recording, photograph, text, or telephone call you made on January 9, 2017, using any mobile phone or any other recording device including any personal device or device issued by the Columbus Police Department, except for your patrol car dash camera or your Columbus Police department issued body camera.

**RESPONSE: Dudley objects to this interrogatory to the extent it seeks to elicit information protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject thereto, Dudley states as follows: I believe I called my girlfriend and sent my mom a text.**

5. As to each response in Interrogatory Number 4, please state the cellular service or other provider, any telephone number(s) and account numbers, and identify with whom and where any record, recording, or other information (including original devices) regarding said recording, photograph, text, or telephone call may be found or is currently located.

**RESPONSE: Dudley objects to this interrogatory to the extent it seeks to elicit information protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject thereto, information responsive to this interrogatory will be provided in**

**supplement.**

6. State the name and address of each doctor, medical personnel, or health care provider who has treated you and each hospital and/or clinic at which you have received any treatment for the past 10 years, including the doctor(s), medical personnel, and health care provider(s) who treated you for any injuries or conditions you claim resulted from the incident made the basis of Plaintiffs' Complaint.

**RESPONSE: Dudley objects to this interrogatory on the basis that it is overly broad in scope and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Subject thereto, Dudley states as follows: I have not kept a list of prior doctors or visits.**

7. Are you aware of any test result, document, medical history, or any record of any kind which reveals or indicates the presence of alcohol, any illegal drug, or any legally prescribed narcotic or stimulant drug in your blood, breath, urine, hair follicle, or your body in the last ten years while on duty with any law enforcement agency or employer? If yes, please list and explain.

**RESPONSE: No.**

8. If any drugs were prescribed for you by any doctor, hospital or other medical provider in the last ten (10) years, please state the identity and dosage of each and every such drug you were so prescribed, (except for antibiotics; cholesterol and blood pressure medication; hormone replacement therapy drugs; and fertility drugs, Sildenafil or Vardenafil); the name and

3

address of each particular doctor, hospital or medical care provider who prescribed each such drug; the date you began taking each of the prescribed drugs; the date you last took each of the prescribed drugs; and the frequency of such dosage taken by you as a result of any such prescription.

**RESPONSE: Dudley objects to this interrogatory on the basis that it is overly broad in scope and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Subject thereto, Dudley states as follows: In or around 2014 I was prescribed pain medication after I tore my ACL. I have taken or been prescribed medication for allergies. Furthermore, I am currently prescribed Albuterol for asthma.**

9. Do you contend that any medical or mental health condition affected your actions or behavior during the January 9, 2017, incident alleged in the Complaint? If so, for each such condition, please provide (a) a description of the condition; (b) when, where, and by whom the condition was first identified and first treated; and (c) a list of when, where, and by whom any subsequent treatment for the condition occurred.

**RESPONSE: No.**

10. Please list any and all social media accounts or sites that you have an account with or access to and state your username on said accounts, including but not limited to any information on Facebook, Twitter, MySpace, Instagram, Pinterest, Flickr, YouTube, LinkedIn or any other blogs or other websites that you currently use or have used in the five years prior to the incident described in Plaintiff's Complaint, including on the date of said incident. (NOTE: You are hereby instructed not to delete, erase, or otherwise destroy the content contained on any social

media page(s), blog, or other website that contains information, posts, photographs, or other content produced, posted, or otherwise authored by you, throughout the course of this litigation).

**RESPONSE: Dudley objects to this interrogatory on the basis that it is overly broad in scope and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Subject thereto, Dudley states as follows: I do not recall having had a Pinterst, Flickr, Youtube, or Myspace account in the previous five years. I have a Facebook, Instagram, and Twitter account. I also believe I have a LinkedIn account.**

11. Please list by name and address all persons with whom you are related by blood or marriage who are over the age of 19 years and who reside in territorial jurisdiction of the United States District Court, Middle District of Georgia, Columbus Division.

**RESPONSE:** ▮).

12. Please describe your complete educational background including the names and addresses of all schools attended, years attended, whether you completed each said school or class, and each diploma, certificate and/or degree you obtained.

**RESPONSE: Dudley refers Plaintiffs to his personnel file which contains his complete education background. See also Dudley's resume (CCG003211) that is being produced in response to Plaintiffs' requests for production of documents.**

13. Identify each and every person with knowledge of facts which you contend support the defenses or denials set forth in the Answer.

**RESPONSE: Dudley objects to this interrogatory to the extent it seeks to elicit**

information that is protected from disclosure by the attorney-client privilege and/or the work product doctrine. Subject thereto, Dudley responds as follows:

- **Chief Ricky Boren**
- **Major Freddie Blackmon**
- **Lieutenant Roderick Graham**
- **Sergeant Tammy Birris-Mayo**
- **Sergeant Jeffery G. Bridges**
- **Officer Michael Aguilar**
- **Officer Aaron Evrard**

See also Defendants' Initial Disclosures pursuant to Fed. R. Civ. P. 26(a).

14. As to each person identified in response to Interrogatory Number 13, state the knowledge it, he or she has that you contend is relevant to the defenses or denials made in the Answer.

**RESPONSE: Dudley objects to this interrogatory to the extent it seeks to elicit information that is protected from disclosure by the attorney-client privilege and/or the work product doctrine. Subject thereto, Dudley responds as follows:**

- <u>Chief Ricky Boren</u>: Chief Boren has knowledge with regard to the investigations of the January 9, 2017 incident involving Hector Arreola and the findings thereof.

- <u>Major Freddie Blackmon</u>: Major Blackmon was an investigator for the Office of Professional Standards Case 17-01 involving the January 9, 2017 incident involving Hector Arreola. He has knowledge with regard to the investigation and the findings thereof.

- **Lieutenant Roderick Graham**: Lieutenant Graham was an investigator for the Office of Professional Standards Case 17-01 involving the January 9, 2017 incident involving Hector Arreola. He has knowledge with regard to the investigation and the findings thereof.

- **Sergeant Tammy Birris-Mayo**: Sergeant Birris-Mayo was an investigator for the Office of Professional Standards Case 17-01 involving the January 9, 2017 incident involving Hector Arreola. She has knowledge with regard to the investigation and the findings thereof.

- **Sergeant Jeffery G. Bridges**: Sergeant Bridges was an investigator for the Office of Professional Standards Case 17-01 involving the January 9, 2017 incident involving Hector Arreola. He has knowledge with regard to the investigation and the findings thereof.

- **Officer Michale Aguilar**: Officer Michael Aguilar has knowledge of the events leading up the January 9, 2017 incident and the circumstances thereof.

- **Officer Aaron Evrard**: Officer Aaron Evrard has knowledge of the January 9, 2017 incident involving Hector Arreola, including Arreola's continued resistance after Officer Evrard arrived on scene. Officer Evrard also spoke to some witnesses on scene including Arreola's mother, Concepcion Arreola.

**See also Defendants' Initial Disclosures pursuant to Fed. R. Civ. P. 26(a).**

15. Identify any and all oral or written statements (taken by you, on your behalf, or by any law enforcement agency) from any person purporting to have knowledge of the incidents or injuries alleged in the Complaint or the defenses or denials contained in the Answer by stating the name of the person giving the statement, the date of the statement, and the type of statement

(<u>i.e.</u>, oral, written, recorded, etc...).

**RESPONSE: Dudley objects to this interrogatory to the extent it seeks to elicit information that is protected from disclosure by the attorney-client privilege and/or the work product doctrine. Subject thereto, Dudley refers Plaintiffs to the documents that have already been produced to Plaintiffs' counsel. These documents include, but are not limited to, the statements of Concepcion Arreola captured on Officer Aaron Evrard's body cam (CCG000012 and CCG000013) and her written statements (CCG000097 – CCG000100); witness statement from Raymond Tarvin (CCG000101); witness statement from Alan Tarvin (CCG000102 – CCG000103); Chris Moreland recorded interview with OPS (CCG000131 – CCG000135); Raymond Tarvin recorded interview with OPS (CCG000136 – CCG000142); Alan Tarvin recorded interview with OPS (CCG000143 – CCG000151); Officer Aaron Evrard recorded interview with OPS (CCG000152 – CCG000168); Officer Ronnie Oakes recorded interview with OPS (CCG000169 – CCG000180); Sergeant Randolph M. Kiel recorded interview with OPS (CCG000181 – CCG000191); EMT James Barnes recorded interview with OPS (CCG000192 – CCG000209); Firefighter Aaron Bush recorded interview with OPS (CCG000210 – CCG000223); Officer Brian Dudley recorded interview with OPS (CCG000224 – CCG000249); and Officer Michael Aguilar recorded interview with OPS (CCG000250 – CCG000283); statements of Hector Arreola on 911 audio transcript (CCG003188 – CCG003210); statements of Hector Arreola captured on Officer Aguilar's body cam (CCG000009 and CCG000010), Officer Dudley's body camera (CCG000011), and Officer Evrard's body camera (CCG000012).**

16. Identify any expert witness you intend to call during the course of this case,

including a brief explanation of the subject matter of the expert testimony.

**RESPONSE: Dudley objects to this interrogatory on the grounds that it seeks information concerning expert discovery which is premature at this time. Subject thereto, Dudley will supplement its response in accordance with the Federal Rules of Civil Procedure and/or the expert disclosure deadlines set forth in the Consolidated Scheduling and Expedited Discovery Order in this case.**

17. Is there or was there any insurance policy or policies, any fund(s), or any other source **including personal insurance** which provides or arguably may provide personal or any other liability coverage, excess liability coverage, or indemnification to you; funds to pay for an attorney for you; or any other coverage, indemnification, or benefit; for your actions on January 9, 2017, or actions or omissions prior to January 9, 2017, as described in the Complaint?

**RESPONSE: No.**

18. If the answer to the preceding interrogatory is yes, please state the following: (a) the name and address of each person, firm or corporation (including any governmental body or insurance company) through which such insurance, fund, indemnification or benefit may be, is or was available; (b) the amount of such insurance coverage, fund, indemnification or benefit available from each source identified herein; (c) the total amount of such insurance coverage, fund, indemnification, or benefit actually received or expected to be received by you from each such source; and (d) the extent to which such insurance, fund, indemnification or benefit will apply or arguably will apply to cover or indemnify for any damage(s) or attorney fees awarded in this matter.

**RESPONSE: N/A.**

19. With the exception of the lawsuit(s) involving the January 9, 2017, incident,

have you ever been a party to a lawsuit? If so, please state: (a) the style of the case; (b) the name of the court and jurisdiction; (c) the type of case; (d) the date the lawsuit was filed; and (e) the result of the lawsuit including any damage or attorney fee award.

**RESPONSE: None.**

20. Have you ever been arrested for any reason? If so, state the following: (a) the date and place of each arrest; (b) the charge(s) made against you at the time of each arrest; (c) the disposition of the charge(s); and the court in which the matter was heard.

**RESPONSE: No.**

21. Have you ever plead guilty or nolo contendere to or have you ever been convicted of any crime, including traffic offenses? (This question includes first offender, conditional discharge, deferred prosecution, and any accountability court.) If so, please state the crime involved, the date and nature of the plea or conviction, the court in which the matter was heard, and the disposition of the matter.

**RESPONSE: Dudley objects to this interrogatory on the basis that it is overly broad in scope and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Subject thereto, Dudley states as follows: I have never pleaded guilty or nolo contendre to or been convicted of any crime. I have not plead guilty or nolo contendre to or been convicted of any traffic offense in the past 5 years.**

22. Please identify each and every conversation you or anyone acting on your behalf has had with any employee of any law enforcement organization concerning this lawsuit

and/or the incident(s) alleged in the Complaint or the defenses or denials contained in the Answer.

**RESPONSE: Dudley objects to this interrogatory to the extent it seeks to elicit information that is protected from disclosure by the attorney-client privilege and/or the work product doctrine. Subject thereto, Dudley responds as follows: I likely would have spoken with my supervisor and members of my squad but do not recall any specific conversations. Other than those, I do not recall having any conversations with any law enforcement agency employees other than those conversations identified in the documents already produced to Plaintiffs that occurred during the OPS and GBI investigations of the January 9, 2017 incident.**

23. Please identify all exhibits or other items which you intend to use in support of any and all dispositive motions or at trial, and all documents or items which you will or might use in your cross-examination of any Plaintiff(s) or any witness identified in the Scheduling Order, Initial Disclosures, or identified by you as a potential witness.

**RESPONSE: Dudley objects to this interrogatory on the grounds that it seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine. Subject thereto, Dudley has not made a decision with regard to the documents that he intends to use to support any dispositive motion or at the trial of this case. However, Dudley directs Plaintiffs to the documents and other materials that have and are being produced to Plaintiffs' counsel.**

24. Please identify any and all Columbus Police Department Office of Professional Standards (OOPS) investigation or any other record which pertains to you and which involves any allegation or complaint regarding the use of force or regarding failure to provide or seek medical

care for an injured person.

**RESPONSE: Dudley objects to this interrogatory on the basis that it is unduly burdensome, overly broad in scope and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Dudley further objects to this interrogatory because it seeks information in violation of the Court's Consolidated Scheduling and Expedited Discovery Order [ECF No. 7] which limits written discovery to matters related to qualified immunity and the alleged violation of Plaintiffs' decedent's federal constitutional rights. Subject thereto, Dudley is not aware of any other OPS Case Investigation pertaining to him other than Case No. 17-01 concerning the Arreola incident. Dudley refers Plaintiffs to his personnel file which has been produced to Plaintiffs and includes all prior use of force reports.**

25.  Please identify any complaint(s) made against you or any disciplinary action considered or taken toward you by the Columbus Police Department or any other law enforcement agency.

**RESPONSE: Dudley refers Plaintiffs to his disciplinary record and documents related thereto that have already been produced to Plaintiffs.**

This 3rd day of June, 2019.

                                                    PAGE, SCRANTOM, SPROUSE,
                                                    TUCKER & FORD, P.C.

                                                    By: */s/ Tyler C. Cashbaugh*
                                                             James C. Clark, Jr.
                                                             Ga. Bar No.: 127145
                                                             Thomas F. Gristina
                                                             Ga. Bar No.: 452454
                                                             Tyler C. Cashbaugh
                                                             Ga. Bar No.: 869622

1111 Bay Avenue, Third Floor
Columbus, Georgia 31901
(706) 324-0251

                                                By: */s/ Clifton C. Fay*
                                                              Clifton C. Fay
                                                             Ga. Bar No. 256460
                                                             Lucy Sheftall
                                                             Ga. Bar No. 639813

P.O. Box 1340
Columbus, Georgia 31902
(706) 653-4025

                                                *Counsel for Defendants*

## VERIFICATION

Personally appeared before the undersigned officer, duly authorized to administer oaths, Brian Dudley, who, after first being duly sworn, deposes and states that the information supplied in the foregoing, DEFENDANT BRIAN DUDLEY'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES, is true and correct to the best of his knowledge and belief. The word usage and sentence structure may be that of the attorneys assisting in the preparation of the responses and does not necessarily purport to be the precise language of the executing party.

This 31st day of May, 2019.

_____
BRIAN DUDLEY

Sworn to and subscribed before
this 31st day of May, 2019.

_____
Notary Public,
Muscogee County, Georgia
My Commission expires: 05/10/2021

KIMBERLY ANN ELLER
MY COMMISSION EXPIRES ON
MAY 10TH, 2021

## **CERTIFICATE OF SERVICE**

I do hereby certify that I am counsel for Defendants and that on this date I served the foregoing document, Defendant Brian Dudley's Responses to Plaintiffs' First Set of Interrogatories, via e-mail to all counsel of record as follows:

>Mark C. Post
>Mark Post Law, LLC
>3 Bradley Park Ct., Ste. F
>Columbus, Georgia 31904
>mpost@markpostlaw.com

This 3rd day of June, 2019.

>*/s/ Tyler C. Cashbaugh*
>Counsel for Defendants