IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| RODRIGO ARREOLA, as parent of Hector Arreola, Deceased, and as Personal Representative and Administrator of the Estate of Hector Arreola, CONCEPCION ARREOLA, as parent of Hector Arreola, and S.A., minor child of Hector Arreola, by next friend Jezreel Imee Custodio, | * * * * * * * * | |
| Plaintiffs, | * * | |
| v. | * * | CASE NO. 4:19-cv-00005-CDL |
| THE CONSOLIDATED GOVERNMENT OF COLUMBUS, GEORGIA, OFFICER MICHAEL AGUILAR, in his individual and official capacity, OFFICER BRIAN DUDLEY, in his individual and official capacity, OFFICER AARON EVRARD, in his individual and official capacity, and COLUMBUS POLICE DEPARTMENT CHIEF OF POLICE RICHARD T. BOREN, in his individual and official capacity, | * * * * * * * * * * * * | |
| Defendants. | | |

**DEFENDANT THE CONSOLIDATED GOVERNMENT OF COLUMBUS, GEORGIA'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Defendant The Consolidated Government of Columbus, Georgia ("CCG") hereby responds to Plaintiffs' First Interrogatories as follows:

**INTERROGATORIES**

1.      Identify each and every person with knowledge of facts which you contend support the defenses or denials set forth in the Answer.

**RESPONSE: CCG objects to this interrogatory to the extent it seeks to elicit information that is protected from disclosure by the attorney-client privilege and/or the**

**work product doctrine.  Subject thereto, CCG responds as follows:**

- **Chief Ricky Boren**

- **Major Freddie Blackmon**

- **Lieutenant Roderick Graham**

- **Sergeant Tammy Birris-Mayo**

- **Sergeant Jeffery G. Bridges**

- **Officer Michael Aguilar**

- **Officer Brian Dudley**

- **Officer Aaron Evrard**

**See also Defendants' Initial Disclosures pursuant to Fed. R. Civ. P. 26(a).**

2.      As to each person identified in response to Interrogatory Number 1, state the knowledge it, he or she has that you contend is relevant to the defenses or denials made in the Answer.

**RESPONSE: CCG objects to this interrogatory to the extent it seeks to elicit information that is protected from disclosure by the attorney-client privilege and/or the work product doctrine.  Subject thereto, CCG responds as follows:**

- **<u>Chief Ricky Boren</u>: Chief Boren has knowledge with regard to the investigations of the January 9, 2017 incident involving Hector Arreola and the findings thereof.**

- **<u>Major Freddie Blackmon</u>: Major Blackmon was an investigator for the Office of Professional Standards Case 17-01 involving the January 9, 2017 incident involving Hector Arreola.  He has knowledge with regard to the investigation and the findings thereof.**

2

- **Lieutenant Roderick Graham**: Lieutenant Graham was an investigator for the Office of Professional Standards Case 17-01 involving the January 9, 2017 incident involving Hector Arreola.  He has knowledge with regard to the investigation and the findings thereof.

- **Sergeant Tammy Birris-Mayo**: Sergeant Birris-Mayo was an investigator for the Office of Professional Standards Case 17-01 involving the January 9, 2017 incident involving Hector Arreola.  She has knowledge with regard to the investigation and the findings thereof.

- **Sergeant Jeffery G. Bridges**:  Sergeant Bridges was an investigator for the Office of Professional Standards Case 17-01 involving the January 9, 2017 incident involving Hector Arreola.  He has knowledge with regard to the investigation and the findings thereof.

- **Officer Michael Aguilar**: Officer Michael Aguilar has knowledge of the events leading up the January 9, 2017 incident and the circumstances thereof.

- **Officer Brian Dudley**:  Officer Brian Dudley has knowledge of the events leading up the January 9, 2017 incident and the circumstances thereof.

- **Officer Aaron Evrard**:  Officer Aaron Evrard has knowledge of the January 9, 2017 incident involving Hector Arreola, including Arreola's continued resistance after Officer Evrard arrived on scene.  Officer Evrard also spoke to some witnesses on scene including Arreola's mother, Concepcion Arreola.

See also Defendants' Initial Disclosures pursuant to Fed. R. Civ. P. 26(a).

3.      Identify any and all oral or written statements (taken by you, on your behalf, or by any law enforcement agency) from any person purporting to have knowledge of the

incidents or injuries alleged in the Complaint or the defenses or denials contained in the Answer by stating the name of the person giving the statement, the date of the statement, and the type of statement (i.e., oral, written, recorded, etc...).

**RESPONSE: CCG objects to this interrogatory to the extent it seeks to elicit information that is protected from disclosure by the attorney-client privilege and/or the work product doctrine. Subject thereto, CCG refers Plaintiffs to the documents that have already been produced by the CCG. These documents include, but are not limited to, the statements of Concepcion Arreola captured on Officer Aaron Evrard's body camera (CCG000012 and CCG000013) and her written statements (CCG000097 – CCG000100); witness statement from Raymond Tarvin (CCG000101); witness statement from Alan Tarvin (CCG000102 – CCG000103); Chris Moreland recorded interview with OPS (CCG000131 – CCG000135); Raymond Tarvin recorded interview with OPS (CCG000136 – CCG000142); Alan Tarvin recorded interview with OPS (CCG000143 – CCG000151); Officer Aaron Evrard recorded interview with OPS (CCG000152 – CCG000168); Officer Ronnie Oakes recorded interview with OPS (CCG000169 – CCG000180); Sergeant Randolph M. Kiel recorded interview with OPS (CCG000181 – CCG000191); EMT James Barnes recorded interview with OPS (CCG000192 – CCG000209); Firefighter Aaron Bush recorded interview with OPS (CCG000210 – CCG000223); Officer Brian Dudley recorded interview with OPS (CCG000224 – CCG000249); and Officer Michael Aguilar recorded interview with OPS (CCG000250 – CCG000283); statements of Hector Arreola on 911 audio transcript (CCG003188 – CCG003210); statements of Hector Arreola captured on Officer Aguilar's body cam (CCG000009 and CCG000010), Officer Dudley's body camera (CCG000011), and Officer**

**Evrard's body camera (CCG000012).**

4.      Identify any expert witness you intend to call during the course of this case, including a brief explanation of the subject matter of the expert testimony.

**RESPONSE: CCG objects to this interrogatory on the grounds that it seeks information concerning expert discovery which is premature at this time.  Subject thereto, CCG will supplement its response in accordance with the Federal Rules of Civil Procedure and/or the expert disclosure deadlines set forth in the Consolidated Scheduling and Expedited Discovery Order in this case.**

5.      Is there or was there any insurance policy or policies, any fund(s), or any other source which provides or arguably may provide personal or any other liability coverage, excess liability coverage, or indemnification to you, your employees or any person; funds to pay for an attorney for you, your employees or any person; or any other coverage, indemnification, or benefit for actions on January 9, 2017, or actions or omissions prior to January 9, 2017, as described in the Complaint?

**RESPONSE:  No.**

6.      If the answer to the preceding interrogatory is yes, please state the following: (a) the name and address of each person, firm or corporation (including any governmental body or insurance company) through which such insurance, fund, indemnification or benefit may be, is or was available; (b) the amount of such insurance coverage, fund, indemnification or benefit available from each source identified herein; (c) the total amount of such insurance coverage, fund, indemnification, or benefit actually received or expected to be received by you from each such source; and (d) the extent to which such insurance, fund, indemnification or benefit will apply or arguably will apply to cover or indemnify for any damage(s) or attorney

fees awarded in this matter.

**RESPONSE: N/A.**

7.      Do you have access to or possession of the Georgia Bureau of Investigation (GBI) investigative file, including but not limited to any attachments, exhibits, witness statements, electronically recorded evidence, crime lab reports, or chain of custody forms? If your request for the investigative file was turned down, who denied your request?

**RESPONSE: No, the CCG understands that the District Attorney's Office has possession of the GBI Investigative file for this incident.**

8.      With the exception of the lawsuits involving the January 9, 2017, incident, have you or any of your employees, since January 1, 2007, been a party to a lawsuit alleging excessive use of force; deliberate indifference to a serious medical need; or any other violation of civil rights? If so, please state: (a) the style of the case; (b) the name of the court and jurisdiction; (c) the type of case; (d) the date the lawsuit was filed; **and** (e) the result of the lawsuit including any damage or attorney fee award.

**RESPONSE: CCG objects to this interrogatory on the basis that it is unduly burdensome, overly broad in scope and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. CCG further objects to this interrogatory because it seeks information in violation of the Court's Consolidated Scheduling and Expedited Discovery Order [ECF No. 7] which limits written discovery to matters related to qualified immunity and the alleged violation of Plaintiffs'**

**decedent's federal constitutional rights. Subject thereto, CCG states that any such lawsuits are public records and accessible by Plaintiffs' counsel.**

9.      Please list and describe each and every radio, telephone, and/or text message conversation of which you are aware or of which you have any record or other information, which was had by or between any of the Columbus Police Department Chain of Command of the Defendant police officers or any other police or other law enforcement officer who had any contact with the decedent, which in any way touches upon or is otherwise relevant to the events which led to Hector Arreola's death or the provision of any medical care to the decedent (including the time of each said conversation, the identity of the person(s) with whom you were communicating along with said person(s)' address and telephone number), for the three hour period preceding Hector Arreola's first contact with 911 and/or the Columbus Police Department on January 9, 2017, through January 10, 2017.

**RESPONSE: CCG objects to this interrogatory on the basis that it is unduly burdensome, overly broad in scope and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  CCG further objects to this interrogatory because it seeks information in violation of the Court's Consolidated Scheduling and Expedited Discovery Order [ECF No. 7] which limits written discovery to matters related to qualified immunity and the alleged violation of Plaintiffs' decedent's federal constitutional rights. Subject thereto, CCG refers Plaintiffs to the documents that have already been produced, including but not limited to Officer**

**Aguilar's dash camera video (CCG00004) and body camera videos (CCG00009; CCG00010); Officer Dudley's dash camera video (CCG00005) and body camera video (CCG00011);  Officer Evrard's body camera videos (CCG00012; CCG00013); Sergeant Kiel's dash camera video (CCG00006); the 911 audio recordings of the January 9, 2017 incident (CCG00001; CCG00002; CCG00007; CCG00008); CAD Reports (CCG000039 – CCG000047); and transcript of the 911 recordings (CCG003188 – CCG003210).**

10.    Please identify each and every conversation you or anyone acting on your behalf has had with any employee of any law enforcement organization concerning this lawsuit and/or the incident(s) alleged in the Complaint or the defenses or denials contained in the Answer.

**RESPONSE: CCG objects to this interrogatory to the extent it seeks to elicit information that is protected from disclosure by the attorney-client privilege and/or the work product doctrine. Subject thereto, CCG states as follows: none other than those conversations identified in the documents already produced to Plaintiffs.**

11.    Please identify all exhibits or other items which you intend to use in support of any and all dispositive motions or at trial, and all documents or items which you will or might use in your cross-examination of any Plaintiffs or any witness identified in the Scheduling Order, Initial Disclosures, or identified by you as a potential witness.

**RESPONSE: CCG objects to this interrogatory to the extent it seeks to elicit information that is protected from disclosure by the attorney-client privilege and/or the work product doctrine.  Subject thereto, CCG has not made a decision with regard to the documents that it intends to use to support any dispositive motion or at the trial of this case.  However, CCG directs Plaintiffs to the documents and other materials that have**

**and are being produced to Plaintiffs' counsel.**

12.     Please identify any and all training offered or provided to any of the Defendant officers or any other law enforcement officer present on or about Moss Drive, Columbus, Georgia, on January 9, 2017, at any time that the decedent was present, which is related in any way to recognizing the need for medical care; acting on the need for medical care; administering medical care; and/or avoiding sudden in-custody deaths. (This question includes any training regarding recognizing or avoiding causing hypoxic injury; "In-Custody Death Syndrome"; "Positional Asphyxia"; "Compressional Asphyxia"; "Acute Exhaustive Mania"; and "Excited Delirium.")

**RESPONSE: CCG refers Plaintiffs to the training documents that have already been produced, including but not limited to documents bates labeled CCG001753 – CCG001838.**

13.     Please provide any test result, document, medical history, and any record of any kind which reveals or indicates the presence of alcohol, any illegal drug, or any legally prescribed narcotic or stimulant drug in the blood, breath, urine, hair follicle, or the body of any Defendant officer in the last ten years while on duty with any law enforcement agency.

**RESPONSE: CCG refers Plaintiffs to the personnel files that have already been produced to Plaintiffs.  Subject thereto, none to CCG's knowledge.**

14.     Please identify any Columbus Police Department Office of Professional Standards (OOPS) investigation or any other record which pertains to any Defendant officer which involves any allegation or complaint regarding the use of force by said officer.

**RESPONSE: CCG objects to this interrogatory on the basis that it is unduly burdensome, overly broad in scope and not proportional to the needs of the case,**

**considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  CCG further objects to this interrogatory because it seeks information in violation of the Court's Consolidated Scheduling and Expedited Discovery Order [ECF No. 7] which limits written discovery to matters related to qualified immunity and the alleged violation of Plaintiffs' decedent's federal constitutional rights.   Subject thereto, CCG refers Plaintiffs to Officers Aguilar's, Dudley's, and Evrard's personnel files which have been produced to Plaintiffs and include all prior use of force incidents.**

15.     Please identify any Columbus Police Department Office of Professional Standards (OOPS) investigation or any other record which pertains to any Defendant officer which involves any allegation or complaint regarding failure to provide or seek medical care for an injured person by said officer(s).

**RESPONSE: CCG objects to this interrogatory on the basis that it is unduly burdensome, overly broad in scope and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  CCG further objects to this interrogatory because it seeks information in violation of the Court's Consolidated Scheduling and Expedited Discovery Order [ECF No. 7] which limits written discovery to matters related to qualified immunity and the alleged violation of Plaintiffs'**

**decedent's federal constitutional rights.  Subject thereto, none to CCG's knowledge.**

16.     Please identify any Columbus Police Department Policy regarding the use of force; the use of deadly force; protection or treatment of persons detained or in custody; and/or providing or seeking medical or other treatment for injured persons detained, in custody, or in need of care.

**RESPONSE: CCG refers Plaintiffs to the relevant policies involved in this incident, which have already been produced to Plaintiffs' counsel. Specifically, Police Department General Order 3-1: Use of Force (CCG000051 – CCG000066).**

This 3rd day of June, 2019.

PAGE, SCRANTOM, SPROUSE,
TUCKER & FORD, P.C.

By: */s/ Tyler C. Cashbaugh*
    James C. Clark, Jr.
    Ga. Bar No.: 127145
    Thomas F. Gristina
    Ga. Bar No.: 452454
    Tyler C. Cashbaugh
    Ga. Bar No.: 869622

1111 Bay Avenue, Third Floor
Columbus, Georgia 31901
(706) 324-0251

By: */s/ Clifton C. Fay*
    Clifton C. Fay
    Ga. Bar No. 256460
    Lucy Sheftall
    Ga. Bar No. 639813

P.O. Box 1340
Columbus, Georgia 31902
(706) 653-4025

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I am counsel for Defendants and that on this date I served the foregoing document, The Consolidated Government of Columbus, Georgia's Responses to Plaintiffs' First Set of Interrogatories, via e-mail to all counsel of record as follows:

> Mark C. Post
> Mark Post Law, LLC
> 3 Bradley Park Ct., Ste. F
> Columbus, Georgia 31904
> mpost@markpostlaw.com

This 3rd day of June, 2019.

> */s/ Tyler C. Cashbaugh*
> Counsel for Defendants