IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

RODRIGO ARREOLA, CONCEPCION     *
ARREOLA, and S.A., *ex rel.*
JEZREEL IMEE CUSTODIO,     *

     Plaintiffs,     *

vs.     *       CASE NO. 4:19-CV-5 (CDL)

OFFICER MICHAEL AGUILAR,     *
OFFICER BRIAN J. DUDLEY, and
OFFICER AARON EVRARD,     *

     Defendants.     *

_____

O R D E R

Defendants have filed a motion to stay these proceedings and cancel the trial which is presently scheduled to begin August 9, 2021. They argue that in light of the *possibility* that they could be indicted for the crime of murder under Georgia law, failure to grant their motion places them with a "Hobson's choice"—defend this civil action without testifying live at trial or forfeit their Fifth Amendment constitutional right against self-incrimination. Plaintiffs oppose the motion. Finding the likelihood of criminal jeopardy remote and a stay otherwise being unnecessary to protect Defendants' constitutional rights, the Court denies the motion (ECF No. 96).

The Court acknowledges that Defendants would face a dilemma if they likely faced criminal charges arising from the conduct

that gives rise to this civil action. In support of their contention that they face such jeopardy, they point to media reports of comments from the Chattahoochee Circuit District Attorney. Although no criminal charges have been pursued in the almost four and a half years since the incident in question, those comments indicate that he has appointed a special prosecutor to investigate the matter and consider presenting it to a grand jury. But the facts underlying this action and the expiration of the statute of limitations on all charges except murder strongly militate against criminal charges ever being made. No one seems to dispute that the statute of limitations has expired on all charges with the exception of murder, which has no statute of limitations under Georgia law. And quite frankly, the evidence in the present record, which is relatively complete, indicates that a charge for murder could not be sustained in good faith under Georgia law. To be convicted of murder under Georgia law, a jury must be convinced beyond a reasonable doubt that (1) the defendant "unlawfully and with malice aforethought, either express or implied, cause[d] the death of another human being" or that (2) the defendant "in the commission of a felony . . . cause[d] the death of another human being irrespective of malice." O.C.G.A. § 16-5-1. Although a theoretical argument based upon a strained view of the evidence could be made that some evidence exists to support a charge, any reasonable prosecutor would ultimately

conclude that the state could not carry its burden of proving guilt beyond a reasonable doubt. Accordingly, it is unlikely that Defendants will ever face a criminal prosecution for murder. Since that is the only possible charge that could be made at this late date, their criminal exposure is remote.

This Court must presume that the prosecutor will act in good faith and will follow the law. The Court is confident that any reasonable prosecutor would use as his guiding star the following observations from former United States Supreme Court Justice Sutherland, whose observations are timeless, wise, and fundamental to our justice system:

> The [prosecuting] [a]ttorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor—indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.

*Berger v. United States,* 295 U.S. 78, 88 (1935).

Because the likelihood of criminal jeopardy for these Defendants is remote combined with the fact that they have previously testified as to their conduct during the incident giving rise to this action, the Court finds that a stay of these civil

proceedings is not required or justified. Generally, "a court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interests of justice.'" *U.S. v. Lot 5, Fox Grove, Alachua Cnty., Fla.*, 23 F.3d 359, 364 (11th Cir. 1994) (quoting *United States v. Kordel*, 397 U.S. 1, 12 & n.27 (1970)). "[A] blanket assertion of the [Fifth Amendment] privilege is an inadequate basis for the issuance of a stay." *Id.* The Court acknowledges that an individual's Fifth Amendment right to avoid self-incrimination "is violated 'when a person, who is a defendant in both a civil and criminal case, is forced to choose between waiving his privilege against self-incrimination or losing the civil case.'" *Tribble v. Tew*, 760 F. App'x 718, 721 (11th Cir. 2019) (per curiam) (quoting *United States v. Premises Located at Route 13*, 946 F.2d 749, 756 (11th Cir. 1991)). But that is not the case here. These Defendants are not currently defendants in a criminal case, and as explained previously, they are unlikely to become defendants in the future. Furthermore, their perceived predicament does not place them in a position of being unable to mount a vigorous defense in this civil action. Accordingly, the remarks made to the media by the district attorney do not justify a stay of this action.

The Court further finds Defendants' argument regarding pretrial publicity unpersuasive at this time. The Court will reevaluate that claim during voir dire. It would be helpful,

4

however, for all parties not to contribute to poisoning the potential jury pool, which could lead to a later continuance or mistrial.

## CONCLUSION

For the foregoing reasons, Defendants' motion to stay (ECF No. 96) is denied.

IT IS SO ORDERED, this 10th day of June, 2021.

S/Clay D. Land

CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA